**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GLENN DAVIS,

     Plaintiff - Appellant,

v.

ARISTEDES ZAVARAS, Director,
CDOC; COLORADO DEPARTMENT
OF CORRECTIONS; JIM MOORE,
Offender Services; LT. PIPER, DOC
Employee, Limon, CO; MAJOR
WILLIAM BRUNELL, CDOC
Employee, Buena Vista, CO; JAMES
LANDER, CDOC Mental Health
Employee, Canon City, CO: BURL
MCCULLAR, SOTMP Program
Manager, CDOC Mental Health
Employee, Canon City, CO,

     Defendants - Appellees.

No. 12-1106
(D.C. No. 1:09-CV-00266-REB-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Glenn Davis, a state prisoner appearing pro se, appeals the district court's order denying his Rule 59(e) motion for reconsideration and denying relief on his 42 U.S.C. § 1983 complaint against various state employees. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

Background

Mr. Davis was convicted of various sex offenses and is incarcerated by the Colorado Department of Corrections. R. 582–83. On February 9, 2009, Mr. Davis filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by censoring his reading materials, failing to protect him from an attack by another inmate, and placing him in a correctional facility without a sex offender treatment program. R. 7–18. Defendants filed a motion to dismiss, and the magistrate judge recommended that the motion be granted in part. R. 117. Mr. Davis obtained two extensions of time to file objections, but never filed any objections. R. 140. Thereafter, the district court adopted the recommendation, leaving just two claims remaining. R. 141. Defendants then moved for summary judgment. R. 168. On November 10, 2010, the magistrate judge recommended that the motion be granted. R. 598. The recommendation advised that the parties had fourteen days to serve and file objections, and the failure to do so would waive appellate review. R. 598. The

court granted Mr. Davis three extensions of time to file objections—the final extension until February 21, 2011—but none were filed. R. 599–600. On February 23, 2011, the district court adopted the recommendation of the magistrate judge and granted Defendants' motion for summary judgment. R. 601.

On March 10, 2011, Mr. Davis filed a "Motion for Reconsideration Pursuant to Rule Fed. Civ. 59(e)" in which he explained that "unusual and extenuating circumstances" prevented him from meeting the court's deadline, and requested another extension to file objections. R. 609–11. The district court denied the motion. Davis v. Zavaras, 09-cv-00266-REB-BNB, 2012 WL 638783, at *1 (D. Colo. Feb. 28, 2012). Our review is for an abuse of discretion. Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009).

Discussion

As the district court noted, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). The district court did not abuse its discretion in denying the motion as Mr. Davis did not demonstrate any of these grounds for reconsideration. See Davis, 2012 WL 638783, at *1–2. Rather, Mr. Davis sought another extension of time. However, the time to file objections is not infinite. The magistrate judge issued his recommendation on November 10, 2010. The court granted extensions

until February 21, 2011. As a result, Mr. Davis had 103 days to file his objections. Mr. Davis had far greater time than customary to file his objections, notwithstanding the circumstances he identified.

Finally, to the extent that Mr. Davis challenges the merits of the district court's order granting summary judgment, he has waived this argument under our firm waiver rule. See Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) ("The failure to timely object to a magistrate's recommendations 'waives appellate review of both factual and legal questions.'" (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991))). "There are two exceptions when the firm waiver rule does not apply: 'when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review.'" Id. (citation omitted). Neither exception applies here.

First, the magistrate judge informed Mr. Davis that he had fourteen days to file an objection before waiving appellate review. The recommendation clearly advises that "the parties have [fourteen] days after service of this recommendation to serve and file specific, written objections [and] failure [to do so] . . . waives appellate review of both factual and legal questions." R. 598. Mr. Davis was aware of this pending deadline because he requested several extensions to prolong this period.

Second, the "interests of justice" do not favor review. Under this

exception, we consider "a <u>pro se</u> litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." <u>Duffield</u>, 545 F.3d at 1238 (citation omitted). The first two considerations weigh against Mr. Davis because of his repeated requests for extensions and failure to file objections. Nor are we persuaded that the third consideration, which we review under a plain error analysis, is relevant because Mr. Davis has not demonstrated plain error vis-a-vis the district court's resolution of his claims.

AFFIRMED. We GRANT the motion for leave to proceed on appeal without prepayment of costs or fees and remind Mr. Davis that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge